IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MYRON DUPREE                                                                                                PETITIONER

VERSUS                                                            CIVIL ACTION NO. 5:10cv162-DCB-JMR

BRUCE PEARSON, Warden FCI-Yazoo City                                              RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, <u>sua</u> <u>sponte</u>, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on October 20, 2010.[1] As directed, petitioner filed a response [7] on December 8, 2010, providing this Court with additional information concerning the instant request for habeas relief. Upon a review of the petition [1] and response [7], this Court finds as discussed below that the petitioner cannot maintain the instant petition for habeas relief pursuant to 28 U.S.C. § 2241.

Background

Petitioner was convicted in the United States District Court for the Northern District of Georgia of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and he was sentenced to 188 months. <u>See</u> Pet. [1] p. 3 and Resp. [7] p.1. According to his response [7], petitioner was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the state court convictions used to enhance his federal sentence were (1) violation of Georgia Controlled Substance Act in case #Z-36373 in Fulton County, Superior Court, Atlanta; and (2) violation of Georgia Controlled Substance Act in case #Z-09296 in Fulton County, Superior Court, Atlanta. The United States Court of Appeals for the Eleventh Circuit affirmed

---

[1]This Court takes judicial notice that Petitioner has filed previously a petition for habeas relief pursuant to 28 U.S.C. § 2241 in this Court. <u>See</u> <u>Dupree v. Reese</u>, 5:04-cv-332-DCB-JCS (S.D. Miss. Sept. 1, 2006).

his conviction on July 25, 2001.  See United States v. Dupree, 258 F.3d 1258 (11th Cir. 2001).

In the instant petition for habeas relief, petitioner's ground for habeas relief is as follows:

GROUND ONE:  Petitioner is actually innocent of the enhancement pursuant to the Armed Career Criminal Act imposed in the instant case.

Petitioner argues in his petition [1] that pursuant to the decision of United States v. Gilbert, 2010 U.S. App. Lexis 12693 (June 21, 2010)[2] the offense of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) is not a crime of violence.  Therefore, petitioner asserts that does not meet the requirements to be sentenced pursuant to the Armed Career Criminal Act of 18 U.S.C. § 924(e).

According to petitioner, he should be allowed to proceed with the instant § 2241 habeas petition because 28 U.S.C. § 2255 is inadequate and ineffective since these claims were foreclosed by circuit law at the time he should have presented such claims.  Pet. [1] p. 2. Additionally, petitioner contends in his petition that the United States Supreme Court's decision in United States v. Begay, 553 U.S. 137 (2008) is retroactive establishing that he has been convicted of a nonexistent offense.  He also relies on the decision in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999) to support his argument that he meets the savings clause of 28 U.S.C. § 2255.  As relief, the petitioner is requesting that his sentence be vacated and that he be sentenced without the Armed Career Criminal enhancement.  Pet. [1] p. 5.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district

---

[2]This Court finds that the United States Court of Appeals for the Eleventh Circuit vacated its opinion in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010).  See Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010).

court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992).  As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing."  Ojo v. Immigration and Naturalization Service,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Under the circumstances of the instant civil action, it is clear that the petitioner is not challenging the execution of his sentence, but the sentence itself.  As such, the instant petition "must either be dismissed or construed as a section 2255 motion," Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000), unless the petitioner "can satisfy the mandates of the so-called § 2255 'savings clause,'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[3]

Case law has made it abundantly clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective."  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).  The United States Court of Appeals for the Fifth Circuit in Reyes-Requena, in providing guidance as to the factors that must be satisfied for a petitioner to meet the

---

[3] 28 U.S.C. § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d 893, 904 (5th Cir. 2001). The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

      This Court finds that the petitioner's argument that he meets the "savings clause" of 28 U.S.C. § 2255 based on the decisions of the United States Supreme Court in United States v. Begay, 553 U.S. 137 (2008) and the United States Court of Appeals for the Eleventh Circuit in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999) are not persuasive.  To meet the first prong of the Reyes-Requena test, the petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.2001). Petitioner does not assert that he is actually innocent of the underlying crime for which he was convicted, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). See Resp. [7] p.2.  Therefore, the petitioner's conviction of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) was a crime at the time of his conviction, and remains a crime today.  Clearly, the petitioner was not convicted of a nonexistent crime. See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted

for a nonexistent offense."); see also Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001) (The Jeffers Court concluded that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by Reyes-Requena).  Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena.  Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test.

Moreover, the claims of the instant civil action clearly relate to Petitioner's sentence, not to his conviction.  Petitioner's claim that his sentence was incorrectly enhanced cannot be maintained in the instant § 2241 petition.  In Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000), the United States Court of Appeals for the Fifth Circuit held that a claim of being actually innocent of a sentence enhancement was not properly raised in a § 2241 action.  See also Hartfield v. Joslin, 235 Fed. App'x 357, 358, 2007 WL 2376707, at * 1 (5th Cir. 2007)(being actually innocent of the sentence enhancement does not meet requirements of the savings clause).

Finally, the United States Court of Appeals for the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'"  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000) (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)).  Likewise, the Fifth Circuit has determined that the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Tolliver v. Dobre, 211 F.3d 876,

878 (5th Cir. 2000)).  Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims.   Therefore, this § 2241 petition will be dismissed without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it will be dismissed with prejudice for this Court's lack of jurisdiction.  See Pack v. Yusuff, 218 F.3d 448, 454-55 (5th Cir.2000).

A final judgment in accordance with this memorandum opinion and order shall be issued.

SO ORDERED, this the     8th     day of    March    , 2011.

                                                  s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE